# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**                                              **Case No. 12-CR-269**

**MICHAEL ZAKE**
    **Defendant.**

## ORDER

Defendant Michael Zake moves for a sentence reduction under guideline Amendment 782 (a/k/a "drugs minus 2"). Under 18 U.S.C. § 3582(c)(2), the district court is authorized to reduce the prison term of a defendant sentenced based on a guideline range subsequently lowered by the Sentencing Commission.

Defendant pleaded guilty to possession of a firearm as a felon, 18 U.S.C. § 922(g)(1), and possession with intent to distribute controlled substances, 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). At his May 9, 2014, sentencing hearing, I adopted the guideline calculations in the pre-sentence report, which determined that defendant qualified as an armed career criminal on the firearm count and a career offender on the drug count: base offense level 34, U.S.S.G. § 4B1.4(b)(3), minus 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1, for a final level of 31; criminal history category VI, U.S.S.G. §§ 4B1.1(b) & 4B1.4(c); and an imprisonment range of 188-235 months. I then granted a 9 level departure on the government's 18 U.S.C. § 3553(e) motion, reducing the range to 84-105 months. On consideration of the 18 U.S.C. § 3553(a) factors, I found a sentence at the low end of that range sufficient but not greater than necessary. Finally, I adjusted the sentence by 18 months

under United States v. Campbell, 617 F.3d 958 (7th Cir. 2010), imposing a final term of 66 months running concurrently with a state sentence.

Amendment 782 generally reduces the offense level in drug trafficking cases by 2, see U.S.S.G. § 2D1.1(c) (2014), and the Commission has designated the Amendment for retroactive application, see U.S.S.G. § 1B1.10(d). However, the Amendment does not have the effect of lowering defendant's guideline range because his offense level was determined under the armed career criminal guideline, U.S.S.G. § 4B1.4, not the drug trafficking guideline, U.S.S.G. § 2D1.1(c). He is accordingly ineligible for a sentence reduction. See U.S.S.G. § 1B1.10(a)(2).[1]

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 55) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of July, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1] Pursuant to the court's administrative order, Federal Defender Services of Wisconsin reviewed the case and declined to file anything on defendant's behalf.